**L. Grant Foster**
gfoster@hollandhart.com
**Brett L. Foster**
bfoster@hollandhart.com
**Dawn M. David**
dmdavid@hollandhart.com
**HOLLAND & HART LLP**
222 S. Main Street, Suite 2200
Salt Lake City, Utah 84101
Telephone: (801) 799-5800
Facsimile: (801) 799-5700

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **CORRINE STOKOE,** an individual,<br><br>Plaintiff,<br><br>vs.<br><br>**MEAGAN WOLTER,** an individual,<br><br>Defendant. | **COMPLAINT**<br><br>Case No. _____<br><br>Judge _____<br><br>**Jury Demand** |

Plaintiff Corrine Stokoe, by and through her counsel, complains against Defendant Meagan Wolter ("Defendant" or "Wolter") as follows.

## INTRODUCTION

This is an action for trademark infringement, false designation of origin, unfair competition and related claims against Defendant based on its unauthorized and unlawful use of Plaintiff's MINT ARROW service mark. Plaintiff brings this action under the Federal Lanham Act to enjoin Defendant's unlawful conduct and for other relief as set forth in this Complaint.

## JURISDICTION AND VENUE

1. This is an action for trademark infringement and unfair competition under the Lanham Act (a.k.a. Trademark Act of 1946, 15 U.S.C. § 1051-1127, as amended).

2. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. 1338(a) (trademarks), and 15 U.S.C. § 1121 (trademarks).

3. This Court has personal jurisdiction over Defendant because it has transacted business in this District, including business activities and transactions giving rise to this lawsuit, and because Defendant has caused damages to Plaintiff in this District.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because there is personal jurisdiction over Defendant, and because a substantial part of Defendant's acts and omissions giving rise to Plaintiff's claims occurred in this District.

## THE PARTIES

5. Plaintiff is an individual residing in San Clemente, California.

6. Plaintiff is informed and believes that Defendant is an individual residing in Rogue River, Oregon.

## GENERAL ALLEGATIONS

### I.   PLAINTIFF'S' MINT ARROW MARK

7. Since at least as early as 2013, Plaintiff has continuously and exclusively used the mark MINT ARROW in connection with the sale of various products and on-line services, including promoting the goods and services of others by providing a website featuring coupons, rebates, price-comparison information, product reviews, links to retail websites of others, and discount information relative to a vast array of products and product categories. Plaintiff uses the MINT ARROW mark (with MINTARROW also being used) on her blog, Instagram, Facebook, Twitter, Pinterest, and Periscope. Products and product categories sold under the MINT ARROW mark include, without limitation, fashion, baby, beauty, home, and kitchen items. Among the various goods specifically offered for sale on the MINT ARROW website are

essential oils. Samples of products offered for sale by Plaintiff under the MINT ARROW mark are shown in the attached Exhibit A.

8. By reason of Plaintiff's advertising and promotion under the MINT ARROW mark, the public has come to recognize Plaintiff's goods/services as solely emanating from Plaintiff.

9. In recognition of Plaintiff's exclusive rights to use the MINT ARROW mark, the United States Patent and Trademark Office (USPTO) has granted a federal registrations relating to the distinctive MINT ARROW mark. *See* U.S. TM Reg. No. 4,948,832 (MINT ARROW word mark, attached as Exhibit B).

## II. DEFENDANT'S INFRINGING CONDUCT

10. Defendant has various internet sites (*e.g.*, Instagram, Facebook, Etsy) on which she offers for sale hand-crafted items, specifically headbands under the mark MINT & ARROWS (with MINTANDARROWS also being used). A sample of the products offered for sale by Defendant on these sites is shown in Exhibit C. Among other things, Defendant sells essential oils.

11. Defendant's use of the MINT & ARROWS mark on the current products and product categories, is likely to cause consumer confusion and a false association between Plaintiff's' goods and services and the goods and services offered by Defendant, falsely leading consumers to believe that the products emanate from the same source, that Plaintiff supplies or sponsors Defendant's goods, or that Plaintiff and Defendant are otherwise affiliated.

12. On information and belief, Defendant's infringing actions have caused and will continue to cause substantial and irreparable harm to Plaintiff, and to consumers in this District.

13. Plaintiff has not given Defendant permission or license to use the MINT ARROW mark in any context.

14. By using the MINT & ARROWS mark and offering goods for sale under the MINT & ARROWS mark on the current products and product categories, Defendant has misrepresented and falsely described to the general public the origin and source of Defendant's goods so as to deceive the public and deliberately create a likelihood of confusion, cause mistake, or deceive as to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods or commercial activities by the ultimate purchaser as to both the source and sponsorship of Defendant's goods.

15. Defendant's imitation, reproduction, and other unauthorized use of the MINT & ARROWS mark causes irreparable injury to Plaintiff, including injury to its business reputation.

16. Defendant's use of the MINT & ARROWS mark has, does, and is likely to permit Defendant to pass off its goods as those of Plaintiff, all to the detriment of Plaintiff, and to the unjust enrichment of Defendant.

17. Plaintiff is entitled to an injunction restraining Defendant, its officers, agents, servants, employees, and attorneys, and all persons acting in concert with them, from engaging in any further acts in violation of Plaintiff's trademark rights.

18. Plaintiff is further entitled to recover from Defendant the damages, including treble damages, interest, and attorneys' fees and costs it has sustained and will sustain and any gains, profits, and advantages obtained by Defendant as a result of Defendant's acts as alleged herein. At present, the amount of such damages, gains, profits, and advantages cannot be fully ascertained by Plaintiff.

## CAUSES OF ACTION

### COUNT I
### (TRADEMARK INFRINGEMENT UNDER § 43(a)(1)(A) OF THE LANHAM ACT)

19. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

20. Defendant has used in commerce the MINT & ARROWS mark that is likely to cause confusion, or to cause mistake or to deceive, as to whether Defendant is affiliated, connected, or associated with Plaintiff and/or as to whether Plaintiff originated, sponsored or approved of Defendant's activities.

21. By so acting, Defendant has violated § 43(a) of the Lanham Act (15 U.S.C. § 1125(a)).

22. Plaintiff has been and will continue to be damaged by such wrongful actions.

23. Because Defendant's actions, on information and belief, were intentional, willful and/or deliberate, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

24. By reason of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

### COUNT II
### (TRADEMARK INFRINGEMENT UNDER § 32 OF THE LANHAM ACT)

25. Plaintiff realleges and incorporates by reference all of the foregoing paragraphs.

26. Plaintiff possesses a valid federal trademark registration covering the MINT ARROW mark. *See* Exhibit B.

27. Defendant's actions as described above, including Defendant's unauthorized use of the MINT & ARROWS mark to promote its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendant with Plaintiff,

or as to the origin, sponsorship or approval of Defendant's products by Plaintiff.  Defendant's conduct constitutes trademark infringement in violation of § 32 of the Lanham Act (15 U.S.C. § 1114).

28. Defendant's trademark infringement has caused and continues to cause damage and irreparable injury to the value and goodwill of Plaintiff's registered mark, as well as damages and irreparable injury to Plaintiff's business, goodwill, and reputation.  Plaintiff has no adequate remedy at law because damages are continuing and difficult to ascertain.  On information and belief, Defendant's continued use of Plaintiff's registered mark is deliberate, willful, fraudulent, and constitutes a knowing infringement of Plaintiff's mark, and makes this case exceptional.

29. By virtue of the foregoing, Plaintiff is entitled to an award of treble damages under § 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

30. By virtue of the foregoing, Plaintiff is entitled to injunctive relief and monetary damages against Defendant.

## JURY DEMAND

Plaintiff demands that all claims and causes of action raised in this complaint against Defendant be tried to a jury to the fullest extent possible under the United States and Utah Constitutions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from infringing any of Plaintiff's rights in the MINT ARROW mark;

B.  Preliminarily and permanently enjoining Defendant, and all other persons participating or acting in concert with it, from using any marks similar to Plaintiff's MINT ARROW mark that are likely to cause confusion or mistake as to whether Defendant is authorized by or affiliated with Plaintiff and as to whether Defendant's goods have been authorized or sponsored by Plaintiff;

C.  An order of the Court directing Defendant to deliver up to Plaintiff all literature, advertisements, business forms, signs, and any other representations, regardless of form, which are in, or come to be in, Defendant's possession, custody, or control and which bear the MINT & ARROWS mark or any confusingly similar variant, and an order from the Court compelling Defendant to notify its direct customers, agents, and representatives that the MINT & ARROWS mark or any confusingly similar variant is not connected with Plaintiff;

D.  An order from the Court directing Defendant to provide an accounting of all revenues and profits gained by Defendant while engaging in the acts complained of in this Complaint;

E.  Awarding Plaintiff her actual damages, and awarding Plaintiff any additional damages that the Court deems just and equitable under the circumstances of the case;

F.  Awarding Plaintiff treble damages in accordance with § 35 of the Lanham Act (15 U.S.C. § 1117) on the claim asserted under § 43(a) of the Lanham Act (15 U.S.C. § 1125(a);

G.  Awarding Plaintiff damages to which it is entitled based upon Defendant's unjust enrichment;

H.  Awarding Plaintiff prejudgment interest at the rate established under 26 U.S.C. § 6621(a)(2) from the date of service of the Complaint through the date of judgment;

I.  Awarding Plaintiff her allowable costs and attorneys' fees; and

J.      Awarding Plaintiff such other and/or further relief as is just and equitable.

Dated this 12th day of January, 2017.

>HOLLAND & HART LLP
>
>/s/ L. Grant Foster
>L. Grant Foster
>*Attorneys for Plaintiff*